IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | C O M P L A I N T |
| v. | ) | JURY DEMAND |
| | ) | |
| RUBY TUESDAY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party, Floyd Cardwell.  As alleged with greater particularity herein, Defendant Ruby Tuesday failed to hire Charging Party Floyd Cardwell for a vacant General Manager position because of his age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida. Defendant operates several restaurants in and around Broward County, Florida.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Ruby Tuesday, Inc., a Georgia corporation (the "Employer"), has continuously been doing business in the State of Florida and within Broward County and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONDITIONS PRECEDENT

6.      More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of the ADEA by Ruby Tuesday, Inc.

7.      EEOC conducted an investigation.

8.      At the conclusion of EEOC's investigation, it determined that reasonable cause existed to believe that discrimination occurred and notified Defendant of its cause finding in a Letter of Determination.

9.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11.     Floyd Cardwell was born in 1954.

12.     Mr. Cardwell is an experienced restaurant manager who has worked in the hospitality industry for more than 20 years.

13.     Defendant Ruby Tuesday, Inc. owns and operates casual dining restaurants in South Florida and has had restaurant locations in both Broward and Palm Beach Counties.

14.     In or around August 2014, Ruby Tuesday, Inc. sought applicants for vacant General Manager positions in its Deerfield Beach, Coral Springs and Boca Raton restaurant locations.

15.     Ruby Tuesday, Inc. used its Talent Acquisition Manager, Randy Phillips, to assist it in identifying appropriate candidates for these positions.

16.     On or about August 1, 2014, Floyd Cardwell electronically applied for a General Manager position at Ruby Tuesday, Inc.

17.     At the time of his application, Mr. Cardwell was 59 years of age.

18.     Ruby Tuesday's Talent Acquisition Manager, Randy Phillips, reviewed Mr. Cardwell's resume and scheduled him for a telephonic interview on August 15, 2014.

19.     The interview was to assess Mr. Cardwell's candidacy for the vacant General Manager position in Defendant's Boca Raton restaurant location.

20.     On August 18, 2014, Mr. Cardwell was interviewed by Mr. Phillips.

21.     During the interview, Mr. Cardwell and Mr. Phillips discussed his twenty (20) years of management experience in the food and beverage industry.

22.     At the end of the telephonic interview, Mr. Phillips told Mr. Cardwell that he believed Mr. Cardwell was a great fit for the position and that his experience level was exactly what Ruby Tuesday was looking for.

23.     Based on this telephonic interview, Mr. Phillips recommended Mr. Cardwell for a second, face-to-face interview with the Boca Raton restaurant location's Operating Partner.

24.     Mr. Phillips also provided Mr. Cardwell a background release form and requested that Mr. Cardwell complete it immediately so it could be processed as quickly as possible.

25.     The face-to face interview was scheduled to take place with the Defendant's operating partner at the Boca Raton restaurant location on August 19, 2014.

26.     On or about August 18, 2014, based on Mr. Phillip's request, Mr. Cardwell immediately provided Ruby Tuesday, Inc. with the completed background release form and a copy of his driver's license, which identified his date of birth. Mr. Caldwell did so immediately because Mr. Phillips advised Ruby Tuesday was looking to hire someone immediately.

27.     On August 19, 2014, Mr. Cardwell timely appeared for his scheduled face –to face interview with Defendant's Operating Partner, but the interview was relegated to another Ruby Tuesday, Inc.'s manager.

28.     The interview was short and non-substantive as concerns the position, its duties or Mr. Cardwell's experience or background.

29.     At the conclusion of the interview, Mr. Cardwell was told that someone would get back to him.

30.     On August 25, 2014, Talent Acquisition Manager Phillips sent Mr. Cardwell an e-mail advising him that he would not be hired for the position, explaining that Ruby Tuesday tried

to "source the ideal person for the job in order to maximize longevity and minimize premature resignations."

31.     Mr. Cardwell responded to Talent Acquisition Manager Phillips' email to express his complaint that he believed he was denied the position because of his age.

32.     Neither Mr. Phillips, nor any other representative from Ruby Tuesday, responded to Mr. Cardwell or addressed his complaint.

33.     Ruby Tuesday, Inc. hired an individual for the position who was 17 years younger than Mr. Cardwell.

## STATEMENT OF CLAIMS

34.     Paragraphs 1 through 33 are incorporated herein.

35.     Defendant Ruby Tuesday has engaged in unlawful employment practices because of age in violation of Section (4)(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

36.     The effect of the practices complained of in paragraphs eleven (11) through thirty-three (33) above has been to deprive Floyd Cardwell of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

37.     The unlawful employment practices complained of in paragraphs eleven (11) through thirty-three (33) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Ruby Tuesday, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in age based hiring.

B.     Order Defendant Ruby Tuesday to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a judgment requiring Defendant Ruby Tuesday to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages and prejudgment interest to Charging Party Cardwell as a result of the acts complained of above.

E.     Order Defendant Ruby Tuesday to make whole Charging Party Cardwell who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

.

JAMES L. LEE
Deputy General Counsel

.

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

.

ROBERT WEISBERG
Regional Attorney
Florida Bar No: 285676

KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729


/s/Aarrin Golson
Trial Attorney
Fla. Bar No. 892491
U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (305) 808-1783
Facsimile: (305) 808-1835